UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02604-SSS-ADS | Date | May 18, 2026 |
|---|---|---|---|
| Title | *Davit Igityan v. Warden, Adelanto ICE Processing Center, et al.,* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

Before the Court is Petitioner Davit Igityan's Ex Parte Application for a Temporary Restraining Order ("TRO") filed in connection with his Petition for Writ of Habeas Corpus.  [Dkt. No. 2, "Application for TRO" or "TRO App."; *see also* Dkt. No. 1, "Habeas Petition"].

Petitioner Davit Igityan is a citizen and national of Armenia who is currently detained at Adelanto Detention Facility in Adelanto, California.  [Habeas Petition at 2, 7].  He has been in Respondents' custody since April of 2026.  [*Id.* at 2].

Petitioner entered the United States on July 17, 2021 and sought asylum protection for fear of persecution.  [Habeas Petition at 2, 7].  Petitioner filed an asylum application, which remains pending before immigration courts.  [*Id.* at 2].  The Habeas Petition alleges that Petitioner has "complied with all immigration proceedings, appeared for hearings, maintained residence in California, operated a lawful business, and established substantial ties to the community" since his entry.  [*Id.*].

On April 1, 2026, Petitioner appeared at a courthouse in Burbank, CA for a criminal hearing when Immigration and Customs Enforcement ("ICE") officers

detained him.  [Habeas Petition at 3].  Petitioner has been detained since this date.  [*See id.*].

Petitioner now seeks a TRO for his immediate release, or a constitutionally adequate bond hearing.  [TRO App. at 5].  He alleges that this continued detention is in violation of the Fifth Amendment, and that his detention bears no reasonable relation to any legitimate civil immigration purpose.  [*Id.* at 3].

Respondents present no opposition to these factual circumstances nor legal argument for why Petitioner was detained.  [Dkt. No. 8, "Response"].  Rather, Respondents aver that Petitioner is a member of the Bond Eligible Class in *Bautista v. Santacruz*.  Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing.  *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Respondents are precluded from relitigating the issue of whether Petitioner, as a member of the Bond Eligible Class in *Bautista*, is entitled to the relief requested in the TRO.  As such, the TRO is **GRANTED**.  [Dkt. No.  2].

The Court **ORDERS** the following:

- Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing[1] consistent with 8 U.S.C. § 1226(a) as well as 8 C.F.R §§ 1003.19, 1236.1 within 3

---

[1] Consistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to established by clear and convincing evidence that [detainee] is a danger to the community"), *id.* at 786 (reiterating that *Singh* found that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence").  *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause).  Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.

days of this Order.  If Petitioner is not provided with a bond hearing within 4 days of this Order, they are to be released forthwith;

- Respondents are to provide the Immigration Judge conducting the individualized bond hearing with a copy of this Order.

Upon providing Petitioner with either form of relief, Respondents are to file with this Court a status report within 24 hours as to whether Petitioner has received a bond hearing and the outcome of the bond hearing, or when Petitioner was released from detention.  The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED**.