UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02604-SSS-ADS | Date | July 14, 2026 |
|----------|------------------------|------|----------------|

| Title | *Davit Igityan v. Warden, Adelanto ICE Processing Center, et al.* |
|-------|--------------------------------------------------------------------|

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---------------|--------------|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|----------------------------------------|----------------------------------------|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER REGARDING PETITIONER'S NOTICE OF NONCOMPLIANCE WITH COURT'S TEMPORARY RESTRAINING ORDER [DKT. NO. 12] [A#. 216900729]**

On May 18, 2026, the Court granted Petitioner Davit Igityan's *ex parte* application for a temporary restraining order and enjoined Respondents from continuing to detain him unless he was provided with an individualized bond hearing.  [Dkt. No. 9, Order at 9–10].  The Court also required that Respondents bear the burden of proving evidence that Igityan poses a flight risk or danger to the public by clear and convincing.  [*Id.* at 2 n.1].

On May 20, 2026, the immigration court provided him a bond hearing and denied bond.  [*See* Dkt. 14, Notice of Lodging of Digit. Audio Recording of Bond Hr'g ("DAR")].  Two days later, Igityan notified this Court that he did not receive a constitutionally adequate bond hearing, in part, because the immigration court denied bond even though Respondents "presented no meaningful evidence establishing by clear and convincing evidence that [he] posed a danger to the community or a flight risk."  [Dkt. 12, Notice at 3].  Respondents contend the immigration court fully complied with the temporary restraining order and provided Igityan with a constitutionally adequate bond hearing.  [*See* Dkt. 15, Resp. at 5–7].

After reviewing the audio recording of the bond hearing, the Court finds that Igityan did not receive a constitutionally adequate bond hearing as was required by the temporary restraining order.  Despite noting multiple times that Respondents bore the burden of proving by clear and convincing evidence that Igityan poses a flight right or danger, [*see, e.g., id.* at 4:41–5:06, 7:19–7:22, 54:58–55:00], the immigration court tacitly shifted that burden onto Igityan, [*see id.* at 12:27–42:18]. Respondents' argument lasted 3 minutes and 11 seconds—91 seconds without translations.  [*Id.* at 8:44–12:01].  In arguing Igityan was a danger and flight risk, Respondents offered documents suggesting that Igityan's 2025 obstruction charge (for failing to immediately yield to an officer's commands) remained pending and pointed to the absence of evidence to show anyone would sponsor Igityan upon release.[1]  [*Id.*].  The immigration court then questioned Igityan for roughly 30 minutes, probing into matters that Respondents did and did not raise.  [*See id.* at 12:27–42:18].  The immigration court's line of questioning and unfounded accusations of Igityan make clear, however, that it was more focused on Igityan's ability to disprove that he was not a flight risk or danger by clear and convincing evidence rather than on whether Respondents offered sufficient evidence to meet their burden.  [*See id.*].

Accordingly, the Court finds that Igityan still has not been provided with a constitutionally adequate bond hearing as required by the temporary restraining order.  As such, Respondents are **ORDERED** to immediately release Igityan from immigration custody on the same conditions of parole before his detention, if any existed.  Respondents are further **ORDERED** to file a declaration by July 15, 2026, confirming Igityan has been released from immigration custody.

**IT IS SO ORDERED.**

---

[1] Igityan testified that his 2025 obstruction charge—the circumstances of which were nonviolent—was dismissed.  [*See id.* at 21:49–22:43].  For some unexplained reason, the immigration court did not further inquire from Respondents about this issue, and despite this unresolved factual dispute, found Igityan a danger to the public.